# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ralph Matthews Malone, | No. CV-17-00755-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Steven Mnuchin, Secretary of Treasury, | |
| Defendants. | |

At issue is Defendant Steve Mnuchin's, in his capacity as Secretary of the United States Department of Treasury, Motion to Dismiss (Doc. 11, MTD), to which Plaintiff Ralph Malone filed a Response (Doc. 13, Resp.) and Defendant filed a reply (Doc. 14, Reply). For the reasons set forth below, the Court grants Defendant's Motion to Dismiss.

**I.    BACKGROUND**

In August 1981, Plaintiff began working as a Contact Representative in the U.S. Department of Treasury ("the Agency"). (Compl. ¶ 9.) On August 31, 1983, Plaintiff received notice of a Negative-Determination of Competence from the Agency regarding Plaintiff's job performance. (Compl. ¶ 11.) Approximately one year later, Plaintiff received a Proposed Notice of Involuntary Termination which cited Plaintiff's earlier Negative-Determination of Competence. (Compl. ¶ 13.) On October 22, 1984, the Agency fired Plaintiff. (Compl. ¶ 16.)

In April 1985, Plaintiff appealed his involuntary termination to the Merit Systems Protection Board ("the Board"). (Compl. ¶ 18.) The Board heard Plaintiff's appeal in July

1985, which Plaintiff alleges that the Board dismissed for lack of jurisdiction. (Compl. ¶¶ 24–25.) Plaintiff alleges that on December 1, 2011, he became aware of the existence of a SF-50 Notification of Personnel Action from March 27, 1986. (Compl. ¶ 28.) This Notification, Plaintiff alleges, effectively cancelled his October 22, 1984, termination from the Agency. (Compl. ¶ 28.) On December 11, 2011, Plaintiff sent a request to the Agency for the completed record of documentation of the circumstances surrounding the SF-50 Notification of Personnel Action. (Compl. ¶ 31.)

Plaintiff alleges that the Agency intentionally and maliciously concealed the cancellation of his termination, which resulted in the obstruction of Plaintiff's right to compete for various employment opportunities. Plaintiff asserts that in doing so, the Agency has violated provisions of the Civil Services Reform Act (CSRA), the Administrative Procedures Act (APA), the Back Pay Act, the Veterans' Preference Act, the Federal Records Act, and the Stored Communications Act (SCA).

Defendant moves to dismiss Plaintiff's claims under Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6). Because all claims should be dismissed under both 12(b)(1) and 12(b)(6), the Court will not address Defendant's argument under 12(b)(5).

## II. LEGAL STANDARDS

"A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may attack either the allegations of the complaint as insufficient to confer upon the court subject matter jurisdiction, or the existence of subject matter jurisdiction in fact." *Renteria v. United States*, 452 F. Supp. 2d 910, 919 (D. Ariz. 2006) (citing *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979)). "Where the jurisdictional issue is separable from the merits of the case, the [court] may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary." *Thornhill*, 594 F.2d at 733; *see also Autery v. United States*, 424 F.3d 944, 956 (9th Cir. 2005) ("With a 12(b)(1) motion, a court may weigh the evidence to determine whether it has jurisdiction."). The burden of proof is on the

party asserting jurisdiction to show that the court has subject matter jurisdiction. *See Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).

When analyzing a complaint for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim. *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010).

In ruling upon a motion to dismiss for failure to state claim, a court may consider only the complaint, any exhibits properly included in the complaint, and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of U.S., Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998). The court may take judicial notice of facts "not subject to reasonable dispute" because they are either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (noting that the court may take judicial notice of undisputed "matters of public record"). The court may disregard allegations in a complaint that are contradicted by matters properly subject to judicial notice. *Daniels–Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

### III. ANALYSIS

#### A. Subject Matter Jurisdiction

Throughout the Complaint, Plaintiff asserts that Defendant violated several prohibited personnel actions in the CSRA, including obstructing Plaintiff's right to

compete for employment, 5 U.S.C. § 2302(b)(4), and violating Plaintiff's right to receive fair and equitable treatment in all aspects of personnel management. § 2302(b)(12). Plaintiff also asserts a claim under the CSRA to litigate the validity of his 1984 termination in light of the SF-50 cancellation of his termination.

The Board has jurisdiction over the administrative resolution of these CSRA personnel action disputes. 5 U.S.C. § 7701(a); *United States v. Fausto*, 484 U.S. 439, 449 (1988); *see also Perry v. Merit Sys. Prot. Bd.*, 137 S. Ct. 1975, 1980 (2017) ("For particularly serious actions, for example, a removal from employment or a reduction in grade or pay, the affected employee has a right to appeal the agency's decision to the MSPB.") (internal quotations omitted). Once the Board renders a decision on a claim that arises only under the CSRA, the Federal Circuit has sole jurisdiction over appeals from the Board. 5 U.S.C. § 7703(b)(1)(A); *Fausto*, 484 U.S. at 449; *see also Perry*, 137 S. Ct. at 1988. The District Court has appellate jurisdiction over Board appeals only when the claimant attributes the prohibited personnel action to bias based on race, gender, age, or disability. *Perry*, 137 S. Ct. at 1988. Here, Plaintiff's claims do not arise out of alleged discrimination in violation of any federal antidiscrimination laws.

Therefore, regardless of whether Plaintiff seeks redress under the CSRA for the cancellation of his 1984 termination or for the prohibited personnel actions under 5 U.S.C. § 2302(b), this Court lacks jurisdiction to adjudicate his claim. Plaintiff's avenue for relief is limited to the Board's administrative proceedings and appellate review is confined to the Federal Circuit.

**B.     Failure to State a Claim**

In addition to this Court's lack of jurisdiction to hear Plaintiff's CSRA claim, Plaintiff fails to state a claim for which relief can be granted under any other statutory authority cited in the Complaint.

As Defendant's Motion correctly states, the CSRA is Plaintiff's *exclusive* means of challenging prohibited personnel practices of an agency. *See Mangano v. U.S.*, 529 F.3d 1243, 1246 (9th Cir. 2008) ("If the challenged conduct falls within the scope of the

CSRA's prohibited personnel practices, then the CSRA's administrative procedures are [the employee's] only remedy."). The CSRA was created by Congress in an attempt to streamline procedures and remedies for federal employees, and is "both exclusive and preemptive" of other remedial schemes. *Id.* More specifically, in matters of personnel action taken against federal employees, the CSRA preempts the Veterans' Preference Act, *Blue v. Widnall*, 162 F.3d 541, 545 (9th Cir. 1998), and the Back Pay Act. *Fausto*, 484 U.S. at 455. Therefore, Plaintiff fails to state a claim under the Veterans' Preference Act and the Back Pay Act.

Plaintiff additionally cites to the APA and the Federal Records Act for relief. The APA permits judicial review over an action where the claimant is "seeking relief other than money damages." 5 U.S.C. § 702. Thus, the United States waives sovereign immunity only for those claims that seek nonmonetary damages. *Dep't. of Army v. Blue Fox, Inc.*, 525 U.S. 255, 263 (1999). In the Complaint, Plaintiff seeks only monetary damages in the form of back pay, future monthly retirement benefits, and punitive damages. Because sovereign immunity is not waived for such a claim, judicial review in this Court is unavailable. Therefore, Plaintiff fails to state a claim for which relief can be granted under the APA.

The Federal Records Act governs the management and preservation of agency records. *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 147 (1980). The Act establishes one remedy for the improper removal of records from an agency: the Attorney General may bring suit to recover the records. *Id.* at 148. Accordingly, there is no private right of action under the Federal Records Act under which Plaintiff may obtain relief.

Finally, the SCA pertains to "stored wire and electronic communications." 18 U.S.C. §§ 2701–12. Plaintiff alleges that the right side of his personnel file, a hardcopy file, does not contain the SF-50 notice from March 26, 1986. (Compl. ¶ 30.) Because Plaintiff makes no mention of any stored wire or electronic communications, he fails to state a claim under the SCA. Even if the Court were to assume that Plaintiff refers

to an electronic version of his personnel file, this allegation does not meet the standard of pleading under *Twombly* and *Iqbal*. Plaintiff's claim under the SCA is dismissed.

### C. *Res Judicata*

Even if this Court did have authority to hear Plaintiff's CSRA claim, and even if relief was otherwise available under the other statutory authority cited, Plaintiff is barred *completely* from bringing all such claims. The judicially-created doctrine of *res judicata*, or claim preclusion, "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). The doctrine exists to prevent litigation on claims for which recovery was previously available to litigants and to ensure finality of judicial decisions. *Brown v. Felsen*, 442 U.S. 127, 131 (1979).

Because Plaintiff brings his cause of action under federal statutes, the Court applies the federal standard of *res judicata*. For *res judicata* to apply, there must be: 1) an identity of claims, 2) a final judgment on the merits, and 3) identity or privity between the parties. *Owens,* 244 F.3d at 713. "The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts." *Id.* at 714 (quoting *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000)).

Plaintiff has previously litigated his 1984 termination in both administrative venues and federal courts. *Malone v. United States.*, No. 95-5089, 1995 WL 479356, at *1 n.1 (Fed. Cir. Aug. 14, 1995) ("[P]etitioner has . . . unsuccessfully challenged the agency's action in numerous other fora, including the Merit Systems Protection Board, the United States District Court for the Central District of California, the Equal Employment Opportunity Commission, and the General Accounting Office."). As the Complaint states, Plaintiff first appealed his termination to the Board in 1985. Since then, he has attempted to re-litigate this claim in front of the Board on numerous occasions, and has litigated variations of this claim in the Federal Circuit at least three times. *See, e.g.*, *Malone v. Merit Sys. Prot. Bd.*, 641 F. App'x 966 (Fed. Cir. 2016); *Malone*, 1995

WL 479356; *Malone v. Dept. of Treasury*, No. 93-3477, 1993 WL 516529 (Fed. Cir. Dec. 15, 1993).

In the 1993 Federal Circuit case, Plaintiff appealed a decision by the Board pertaining to the March 27, 1986, SF-50 Notification of Personnel Action, which purported to cancel Plaintiff's involuntary termination. *Malone*, 1993 WL 516529, at *1. In that case, the court discussed two different SF-50 notices: one issued on March 27, 1986, and an amended one issued on March 27, 1987, which sought to correct the 1986 notice. *Id.* Therefore, Plaintiff had notice of the existence of both SF-50 notices prior to December 1, 2011. Any assertion that Plaintiff's claim is *not* barred by *res judicata* because of recently discovered evidence (*i.e.*, the December 2011 discovery of the 1986 SF-50 notice) does not hold up against the judicial record.

In the 1995 Federal Circuit case, Plaintiff appealed a decision by the Court of Federal Claims pertaining to the March 27, 1987, SF-50 Notification of Personnel Action. *Malone*, 1995 WL 479356, at *1. Plaintiff argued that the cancellation of his 1984 termination entitled him to reinstatement and back pay. The court noted that "although petitioner's theory for recovery in this . . . action may be different, his claim for back pay arises out of the same transactional facts surrounding his prior suit for reinstatement and back pay, namely his removal for unacceptable performance." *Id.* The Federal Circuit affirmed the lower court's dismissal based on *res judicata* and advised Plaintiff that further efforts to re-litigate a "definitively decided" claim would be frivolous. *Id.*

Plaintiff's claim is identical to those prior claims which have received judgments on the merits, and is against the same party—the United States through its representative officers. Even if Plaintiff brings his present claim under a new theory, such a claim arises out of the same transactional nucleus of facts. Pursuant to Rule 12(b)(6), Plaintiff's claim

is dismissed under *res judicata*. Because *res judicata* bars all future claims that have been or could have been brought before, Plaintiff's claim is dismissed with prejudice.[1]

**IT IS THEREFORE ORDERED** granting Defendant Steve Mnuchin's, in his capacity as Secretary of the United States Department of Treasury, Motion to Dismiss the Complaint on all counts. (Doc. 39.) The Complaint is dismissed with prejudice.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to close this matter.

Dated this 20th day of October, 2017.

Honorable John J. Tuchi
United States District Judge

---

[1] The Court notes that Plaintiff filed additional briefing on this motion nominally requesting access to his "Official Personnel Folder." (Doc. 15.) Such a request constitutes a request for discovery and is improper because the Court dismisses the Complaint with prejudice.

8